THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:09-CV-00037-FL

| ROBERT E. GIBBS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| JOHN E. POTTER, POSTMASTER GENERAL | ) | |
| OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before this Court on the following motions: (1) Defendant John E. Potter's ("Postmaster") Motion [DE-13] to dismiss the Complaint of *pro se* Plaintiff Robert Gibbs ("Plaintiff") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56, to which Plaintiff responded [DE-20]; (2) Plaintiff's Motion for Relief [DE-18]; (3) Plaintiff's Motion for an Oral Hearing and to Amend Complaint [DE-19]; and (4) Plaintiff's Motion to Amend Complaint to Add Allegation or Information that is Missing and Request for an Oral Hearing [DE-21]. The time for briefing has expired and the pending motions are ripe for adjudication. For the reasons set forth below, this Court recommends allowing Plaintiff to amend the Complaint, denying Plaintiff's motions for an oral hearing and for relief, and denying without prejudice Defendant's motion to dismiss, or in the alternative, motion for summary judgment.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by Complaint [DE-3] filed 17 March 2009, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 20 U.S.C. § 621, *et. seq.* Compl. ¶¶ 3-4. Plaintiff alleges further that he was the victim of unlawful harassment and retaliation

and that his employment was terminated without due process. *Id.* ¶ 4. Plaintiff seeks compensatory damages of $300,000.00 pursuant to 42 U.S.C. § 1981a(b)(3)(D), in addition to recovery of back pay, reinstatement of his former job, expungement of all charges from his employment record, and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. *Id.* ¶ 12; [DE-3.2 at 2].

On 16 April 2009, Claimant filed a document entitled "supporting documentation" wherein he made statements supporting his claims of due process, retaliation, harassment and age discrimination claims. Supporting Documentation for Case 4:09-CV-37 [DE-11]. On 7 May 2009, in lieu of filing an answer, Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. [DE-13]. On 21 May 2009, Plaintiff filed his responsive brief [DE-16] and supporting affidavit [DE-17]. Plaintiff also filed a Motion for Relief [DE-18], wherein Plaintiff restated the relief requested in his Complaint, and a motion for an oral hearing and to amend his Complaint [DE-19]. Plaintiff filed a second responsive brief [DE-20] to Defendant's motion on 28 May 2009 and a second motion for an oral hearing and to amend his Complaint [DE-21] on 1 June 2009. Defendant has not responded to Plaintiff's motions and the time for doing so has elapsed.

## II. STATEMENT OF FACTS

*A.    Allegations in Complaint*

Plaintiff, a North Carolina resident, was employed as a letter carrier for the United States Postal Service ("USPS") in Newport News, Virginia at the time of the alleged discriminatory actions. [DE-3.3]. Plaintiff alleges that he was employed by the USPS from July 1995 until July 2006, when he was wrongfully discharged. Compl. ¶¶ 4-5, 10. The alleged unlawful discriminatory conduct

2

occurred from February 2005 until July 2006. *Id.* ¶ 7. Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") on or about February 2007 and received a Notice-of-Right-to-Sue letter ("Right to Sue letter") on or about 22 February 2009. *Id.* ¶ 11; [DE-3.3].

Included as an attachment to his Complaint is a signed, unsworn statement wherein Plaintiff provides further details regarding his claims of discrimination, retaliation and harassment allegations. [DE-3.2]. In particular, Plaintiff alleges that he was treated differently from his co-workers, in that his fellow employees were allowed to use the internal grievance process pursuant to a national agreement while he was not afforded the same. [DE-3.2 at 1]. With respect to his retaliation claim, Plaintiff states that after filing an EEO complaint on or about December 2005, he was fired. *Id.* Plaintiff states further that he was prohibited from filing EEO complaints, unlike his co-workers. *Id.* In support of his harassment claim, Plaintiff alleges that he had to "endure the offensive conduct of management (being charged with false charges/fabricated documentation), as a condition of continued employment." *Id.* He claims further that he "was being falsely accused of things [he] did not do," yet "[n]othing was ever investigated by union or management." *Id.* He alleges that he "constantly worked in fear" and that he complained to the union and management "but it was fruitless." *Id.* In support of his ADEA claim, Plaintiff states he was forty-six at the time he was terminated. *Id.* In conclusion, Plaintiff states that "false allegations were used to have [him] fired" and management's reasons for Plaintiff's termination are pretext and are instead an attempt to hide the reason for his termination and the departure from the standard grievance process. *Id.* at 2.

B.  *Supporting Documentation*

On 16 April 2009, prior to the filing of Defendant's motion to dismiss, Plaintiff filed a signed, unsworn statement providing further details in support of the due process and retaliation claims

3

presented in his Complaint, along with copies of documentation related to an internal grievance procedure. Supporting Documentation for Case 4:09-CV-37 [DE-11]. In support of the termination without due process allegation, Plaintiff claims he was not allowed to present evidence to prove that the charges of "unsatisfactory performance" and "improper conduct" appearing in three separate Letters of Warning issued by the USPS were false. *See id.* (citing [DE-11.3, Ex. B]). He alleges certain steps in the grievance process - in particular the submission of the above charges to a resolution dispute team and arbitrator - were not followed. *Id.* With respect to his claim of retaliation, Plaintiff alleges that he was terminated in July 2006 after filing an EEO complaint against postmaster Daryl Meyers in 2005 and that there is a causal connection to his discharge although Meyers did not fire him until 2006. *Id.* at 2. With respect to harassment, Plaintiff alleges he was "constantly being charged by management with false/fabricated charges." *Id.* According to Plaintiff "on or about [his] second charge, [he] met with management on the subject of this harassment and requested that they cease and desist from this behavior, to no avail." *Id.* Plaintiff states further that management "kept stacking charges, without me going through the grievance process, and that is how that [sic] management arrived at what they term 'just cause,' and terminated me from employment." *Id.* Plaintiff reiterates his belief "that [his] dismissal from the [USPS] was a combination of no due process, retaliation, harassment, and age discrimination." *Id.*

### III. MOTIONS TO AMEND

Plaintiff has filed two motions to amend [DE-19, 21] his Complaint, neither of which has been opposed by Defendant. In his first motion, Plaintiff states that he seeks amendment to provide missing information from his Complaint with respect to his due process cause of action. [DE-19]. Plaintiff however indicates in his motion that the missing information is included in his affidavit and

4

brief in response to Defendant's dispositive motion. *Id.* In his second motion to amend, Plaintiff restates that he seeks to amend his Complaint to provide missing information regarding his due process claim relative to a "last chance agreement" he entered during his employment. [DE-21]. In his Complaint, Plaintiff alleges that he was "[t]erminated without 'due process,'" but provides no further details. *See* Compl. ¶ 4. The Court notes further that an allegation of "no due process on charges" appears in the supporting documentation filed on 16 April 2009. Supporting Documentation for Case 4:09-CV-37 [DE-11].

Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15 (a). The rule directs that amendment shall be freely given when justice requires, and the court has held that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant has moved to dismiss in lieu of filing an answer; motions however are not responsive pleadings. FED. R. CIV. P. 7. Given that no responsive pleading has been filed, the Court recommends that Plaintiff's motion to amend be ALLOWED and that Plaintiff be advised to set forth all factual allegations into a single amended complaint. Defendant may respond to the amended complaint by filing an Answer or amended motion.

Even if this Court were to construe Plaintiff's "Supporting Documentation" as Plaintiff's first amendment, thereby allowing amendment now only with consent of Defendant or leave of court, the Court recommends nonetheless that amendment be allowed. It is not clear from the face of the amendment, nor has it been argued by Defendant, that Plaintiff's offered amendment is futile. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture

5

about merits of the litigation should not enter into the decision whether to allow amendment.") (internal citation omitted); *see also* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1487 (2 ed. 1990) (collecting cases). Moreover, none of the other factors to be considered by the court weighs in favor of denying Plaintiff's motion. *See Foman*, 371 U.S. at 182 (amendment to be freely given where there is no apparent or declared undue delay, bad faith, dilatory motive, or prejudice); *see also* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1487.

## IV. MOTIONS FOR ORAL HEARING

Plaintiff has moved for an oral hearing in this matter. [DE-19, 21]. In particular, Plaintiff requests a hearing "to explain [his] side of the case" [DE-19] and "to allow [him] to present the facts, because the information that [he is] filing in [his] case has been concealed from procedural law or proceedings for four years" [DE-21].

Pursuant to local rule of practice, motions are determined without a hearing. Local Civil Rule 7.1(i), EDNC. While hearings may be ordered by the Court in it its discretion, no deviation from the local rule is warranted in this case. Accordingly, this Court recommends that Plaintiff's motion for an oral hearing be DENIED.

## V. MOTION FOR RELIEF

Plaintiff's motion for relief consists of his claim for an award of $300,000 pursuant to the Civil Rights Act of 1991, "reinstatement," "[t]o be made whole," and "[r]ecord expunged of all charges." [DE-18]. The requested relief contained in Plaintiff's motion is identical to that which is in Plaintiff's Complaint and the attachment thereto. *See* Compl. ¶ 12; [DE-3.2 at 2]. Plaintiff is not claiming any additional form of relief. The Court recommends DENYING AS MOOT Plaintiff's

motion in light of the Court's recommendation allowing amendment of the Complaint.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that Plaintiff's motions to amend his Complaint be ALLOWED, that Plaintiff's motions for oral hearing be DENIED and Plaintiff's motion for relief be DENIED AS MOOT. In light of the recommendation that Plaintiff be allowed to amend his Complaint, it is recommended further that Defendant's motion to dismiss, or in the alternative for summary judgment, be DENIED WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 4th day of September, 2009.

Robert B. Jones, Jr.
United States Magistrate Judge