IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-37-FL

| | | |
|---|---|---|
| ROBERT E. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN E. POTTER, | ) | |
| Postmaster General, United States Postal | ) | |
| Service, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the following motions: (1) defendant John E. Potter's motion to dismiss plaintiff Robert E. Gibbs's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 13); (2) plaintiff's motion for relief (DE # 18); (3) plaintiff's motion for a hearing and to amend complaint (DE # 19); (4) plaintiff's motion to amend complaint and request for a hearing (DE # 21); and (5) plaintiff's motion to grant judgment (DE # 23)[1]. On September 4, 2009, United States Magistrate Judge Robert B. Jones, Jr. filed a memorandum and recommendation ("M&R"), recommending that plaintiff be allowed to amend the complaint, denying plaintiff's motions for a hearing and for relief, and denying without prejudice defendant's motion to dismiss, or in the alternative, for summary judgment (DE # 25). Plaintiff filed timely objections to the M&R (DE # 26), to which defendant responded (DE # 27). Plaintiff also

---

[1] Plaintiff's motion to grant judgment was filed on August 26, 2009, after the other motions addressed in this order were referred to Judge Jones on June 24, 2009. Thus, the M&R does not discuss the motion to grant judgment. Nonetheless, this order addresses said motion along with the others considered in the M&R.

filed a reply to defendant's response (DE # 29). In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R; allows plaintiff to amend his complaint; denies plaintiff's motions for a hearing, motion for relief, and motion to grant judgment; and denies defendant's dispositive motion without prejudice.

## DISCUSSION

A.     Motions to Amend the Complaint

Plaintiff seeks to amend the complaint to add information related to his due process claim, which, according to plaintiff, is included in his affidavit and brief filed in response to defendant's dispositive motion. Additionally, plaintiff seeks to amend his complaint to add information regarding the "last chance agreement" he entered into during his employment, which is also missing from the complaint.

In the M&R, Judge Jones recommends allowing plaintiff to file a single complaint setting forth all the factual allegations. On September 21, 2009, plaintiff filed an "amended complaint" in response to the M&R (DE # 28). The "amended complaint," however, only divulges that plaintiff is seeking punitive damages under North Carolina law because defendant "fir[ed] [plaintiff] 'without due process.'" It does not detail the facts supporting this allegation, and does not include information about plaintiff's "last chance agreement" with defendant.

For the reasons carefully explained by Judge Jones in the M&R, this court allows plaintiff to amend the complaint, but rather than accepting the "amended complaint" already filed by plaintiff, the court instructs plaintiff to file a single amended complaint setting forth all factual allegations. The amended complaint shall lay out all the facts supporting plaintiff's due process, retaliation, harassment, and age discrimination claims. It shall be filed with the court no later than

2

twenty (20) days after entry of this order.

> B.     Motions for a Hearing, Motion for Relief, and Motion to Grant Judgment

Plaintiff seeks a hearing in this court and has also filed a motion for relief.  Additionally, on August 26, 2009, plaintiff filed a motion to grant judgment.  This motion mirrors, in substance, plaintiff's motion for relief.  It was not discussed in the M&R, but is addressed by the court in this order.

For the reasons stated by Judge Jones in the M&R, this court denies plaintiff's motions. Pursuant to local rules of practice, motions are determined without a hearing.  Local Civil Rule 7.1(i), EDNC.  No deviation from this rule is warranted in this case.  Plaintiff's motion for relief and motion to grant judgment seek relief identical to that which is sought in his complaint.  Thus, Judge Jones's recommendation for the motion for relief, and the reasoning supporting it, is also applicable to plaintiff's motion to grant judgment.  Whether plaintiff is entitled to relief shall be determined by any dispositive motions and, if necessary, at a trial on the merits.

> C.     Motion to Dismiss, or in the Alternative, for Summary Judgment

In light of the decision to allow plaintiff to amend his complaint, this court adopts Judge Jones's recommendation to deny defendant's motion to dismiss, or in the alternative, for summary judgment without prejudice.  Defendant may file any motion or answer in response to plaintiff's amended complaint within ten (10) days after service of the amended complaint.  <u>See</u> Fed. R. Civ. P. 6(a), 15(a)(3).

**CONCLUSION**

For the foregoing reasons, the court ALLOWS plaintiff to amend the complaint; DENIES plaintiff's motions for a hearing, motion for relief, and motion to grant judgment; and DENIES WITHOUT PREJUDICE defendant's motion to dismiss, or in the alternative, for summary judgment. Plaintiff's amended complaint shall be filed within twenty (20) days of entry of this order, and defendant's response shall be filed within ten (10) days after service of the amended complaint.

SO ORDERED this the 20th day of October, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge