| | | |
|---|---|---|
| ROBERT E. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN E. POTTER, | ) | |
| Postmaster General, United | ) | |
| States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [DE-32], and *pro se* Plaintiff's Motion for Discovery [DE-43]. Plaintiff has responded to the motion to dismiss, and although Defendant has not responded to the motion for discovery, the time for filing a response has expired. Accordingly, both motions are ripe for review. Also before the Court, and related to Plaintiff's present motion, are Defendant's objections to initial disclosures (and the entry of a scheduling order) pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Defendant lodged these objections in its Rule 26(f) planning conference report [DE-36]. Pursuant to Plaintiff's consent to magistrate judge jurisdiction, Chief Judge Flanagan assigned this case to the undersigned United States Magistrate Judge, David. W. Daniel. [DE-41, 42.]

### STATEMENT OF THE FACTS AND THE CASE

Plaintiff filed this action on March 17, 2009, proceeding *pro se* and *in forma pauperis*. [DE-2.] Plaintiff was employed by the United States Postal Service ("USPS") from 1995 to 2006. Compl. at 2 [DE-3]. Plaintiff seeks to recover from his former employer based on his

1

alleged wrongful discharge. Plaintiff's initial Complaint alleged denial of due process, race and age discrimination, retaliation, and harassment in violation of federal law. *Id.* There is no substantial allegation that Defendant, John E. Potter, Postmaster General of the USPS, personally participated in any of the actions alleged in this case or that he should be personally liable for any judgment.

Defendant filed his first motion to dismiss or, in the alternative, for summary judgment in May 2009 [DE-13], to which Plaintiff responded. Plaintiff also filed a motion to amend his complaint and for a hearing. Chief Judge Flanagan allowed Plaintiff to amend his Complaint, denied Plaintiff's motion for a hearing and for other relief, and denied Defendant's motion to dismiss or for summary judgment without prejudice. Oct. 20, 2009 Order [DE-30].

On November 2, 2009, Plaintiff filed his Amended Complaint. [DE-31.] The Amended Complaint lists three claims: (1) Denial of due process upon termination due to Plaintiff's failure to follow the union's grievance procedures; (2) Harassment from February 2005 through October 2005, consisting of being charged with "something" almost monthly; and (3) Retaliatory termination in July 2006 due to Plaintiff's filing of an EEOC complaint in December 2005, which Plaintiff alleges he withdrew at his employer behest. The Amended Complaint seeks relief in the form of back pay, benefits, and reinstatement or, alternatively, front pay. Am. Compl. at 2.

On November 16, 2009, Defendant filed a new motion to dismiss or, in the alternative, for summary judgment [DE-33], and the Court issued notice to Plaintiff of his right to respond [DE-34]. Plaintiff responded [DE-37, 38], and Defendant replied [DE-40]. Defendant's motion alleged, *inter alia,* that this Court has no subject matter jurisdiction and, in any event, Plaintiff failed to state a claim upon which relief may be granted.

The parties conducted a Rule 26(f) planning and scheduling conference via telephone on December 3, 2009, and submitted separate reports of this planning conference. [DE-36, 39.] In Defendant's report, he stated:

> Defendant objects to any discovery and the entry of a scheduling order at this time. In light of the present posture of the case, Defendant submits that no discovery is necessary, and that it would be wasteful and unduly burdensome to commence with fact discovery on the merits of claims that should soon be resolved by dispositive motion.

Def. Rule 26(f) Rpt. at ¶ 5 [DE-36]. Plaintiff's Rule 26(f) report indicated that the parties could not come to an agreement regarding a discovery plan and requested court intervention. Pl. Rule 26(f) Rpt. at ¶ 2 [DE-39]. Plaintiff's report stated that discovery *was* necessary and should commence. *Id.* at ¶ 9. On March 1, 2010, Plaintiff filed a "Motion for Discovery FRCP Rule 26" [DE-43], to which Defendant has not responded. In this motion, Plaintiff appears to request a hearing both in order to determine if discovery is proper and in order to address his claims in light of the motion to dismiss. *See* Mot. for Disc. at ¶ 1 [DE-43].

## DISCUSSION

**A. Defendant's Motion to Dismiss and/or Summary Judgment**

1. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the Court to dismiss an action based on lack of subject matter jurisdiction, and Rule 12(b)(6) permits the Court to dismiss an action for failure to state a claim upon which relief can be granted. However, before dismissal, the Court must liberally construe a *pro se* plaintiff's complaint. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court should not

3

dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe the allegations in the complaint as true and take them in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Republican Party*, 980 F.2d at 952.

Generally, if a court considers matters outside the complaint in ruling on a motion to dismiss, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); Fed. R. Civ. P. 12(d) ("If, on a [12(b)(6)] motion, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, a court may consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed," without converting the motion to dismiss into a motion for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396-97 (4th Cir. 2006).

2. <u>Conversion to Motion for Summary Judgment</u>

In this case, the only matters outside the pleadings that are substantially before the Court are: (1) The National Association of Letter Carriers ("NALC") "Grievance Procedure Chart;" (2) A two-page excerpt from Article 15 (entitled "Grievance-Arbitration Procedure") of the National Agreement between NALC and the Postal Service; and (3) Plaintiff's one-page sworn declaration stating he was denied due process because he "was terminated from the US Postal Service without going through the Grievance-Arbitration Procedure, Article 15 of the National

4

Agreement[.]"[1] All these materials were submitted by Plaintiff in opposition to Defendant's motion to dismiss. [DE-37, Attach. 1-3]. The Court will consider these three documents without converting the instant motion into one for summary judgment because the Grievance Procedure Chart and excerpt from the union's agreement with the Postal Service are explicitly referenced in Plaintiff's Amended Complaint and their authenticity is not disputed. Additionally, these two documents (and the union grievance process described therein) are central to Plaintiff's claim that he was denied due process upon termination. Thus, it is appropriate to consider them without converting the motion into one for summary judgment. The third document is essentially an argument from Plaintiff in opposition to the motion to dismiss, and the Court will consider it accordingly, affording Plaintiff's submissions the flexible reading that his *pro se* status merits.

### 3. Plaintiff's Abandonment of Harassment and Termination Claims

Defendant contends that Plaintiff has abandoned all of his claims except for his due process claim. As previously outlined in more detail, Plaintiff states three claims in his Amended Complaint: the due process claim, a harassment claim, and a retaliatory termination claim. On the face of his Amended Complaint, Plaintiff does not appear to have abandoned his Title VII employment discrimination and/or retaliation claims. However, Plaintiff's responses to Defendant's motion to dismiss indicate otherwise. Specifically, Plaintiff's opposition states:

> **I am not claiming discrimination**. I am claiming no due process at the postal level (I did not go through the grievance process in the postal service. I was in a union.). **I would like to make this clear to the court; I am not making a claim of retaliation, harassment, age discrimination.** I am making a claim of no due process.

---

[1] Other documents filed as exhibits by Defendant are essentially the public records relating to Plaintiff's pursuit of administrative remedies before the MSPB and the EEOC. The Court finds it need not rely on these documents, but to the extent it would rely on them, they are within the public records exception to the requirements for conversion of a motion to dismiss to a motion for summary judgment under Rule 12(b)(6).

Pl. Opp'n at 3 (emphasis added) [DE-38]. In his "Memorandum in Support of Plaintiff's Opposition to Dismiss" [DE-38], Plaintiff complains that Defendant's motion to dismiss addresses "all moot issues." The only substantive issues Plaintiff responds to in his opposition to the motion to dismiss are: (1) Failure to exhaust his administrative remedies;[2] and (2) His due process claim. Additionally, in his Status Report and Discovery Plan filed shortly after his opposition to the motion to dismiss, Plaintiff stated:

> Your honor this case is about me being discharged without due process, nothing more, and nothing less.

Pl. Status Report at 2 [DE-39].

The Court finds that in the present action Plaintiff has unequivocally abandoned the workplace harassment and retaliatory termination claims he raised in his Amended Complaint, as well as any other discrimination claims. Accordingly, to the extent Plaintiff did raise such claims in his Amended Complaint, the Court will deem any of Plaintiff's Title VII or other discrimination claims to be abandoned and, therefore, moot.[3] *Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir. 1986) (noting voluntary abandonment of a claim renders the claim moot).

    4. Plaintiff's Due Process Claim

        *i. Constitutional Action against USPS in Federal Employment Context*

As Defendant points out, the legal basis in Plaintiff's original complaint was vague. The facts, however, are more clearly set out in the Amended Complaint. Plaintiff alleges the USPS failed to give him the benefit of the Article 15 grievance process which is spelled out in the

---

[2] Plaintiff's only response to the failure to exhaust issue was as follows: "I did exhaust my administrative remedies. If I did not, then why am I in civil litigation? Each agency gave me the right to appeal or go civil. I chose the latter." Pl. Opp'n at 1 [DE-38].

[3] The Court additionally finds that Plaintiff has failed to exhaust his EEOC remedies with respect to his harassment and retaliation claims, as effectively pointed out in Defendant's memorandum in support of his motion to dismiss. [DE-33]. Thus, alternatively, the Court must dismiss Plaintiff's harassment and retaliation claims for lack of subject matter jurisdiction.

6

National Agreement between Plaintiff's union, NALC, and the USPS. Although Plaintiff does not name NALC as a defendant, he alleges that the "union" also deprived him of due process by "allowing this [lack of grievance process] to happen, by not properly defending [him], and not filing grievances on [his] behalf, after [he] informed the union that [he] would like to file a grievance on each and every charge, levied against [him] by the [USPS]." Am. Compl. at 1 [DE-31].

From these allegations, it appears that Plaintiff is challenging adverse employment action on constitutional grounds and asserting a constitutional tort against the USPS. The USPS is an "independent establishment of the Executive Branch of the government of the United States," 39 U.S.C. § 210, and its ability to sue or be sued is controlled by the federal government via the Postal Reorganization Act, 39 U.S.C. § 401. *See Loeffler v. Frank,* 486 U.S. 549 (1988) (noting example of waiver of sovereign immunity for USPS as to interest awards). Significant case law supports the proposition forwarded by Defendant that there is no cognizable cause of action for constitutional torts against the USPS arising from the employment context. *See e.g., Bush v. Lucas*, 462 U.S. 367, 388-89 (1983) (declining to create new judicial remedy for NASA engineer against NASA director for alleged violation of First Amendment rights where substantial remedial scheme exists for alleged wrongs in federal employment context); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (*Bivens*-type action—judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors—may not be brought against federal agencies versus federal agents individually).

It appears that two distinct but consistent lines of thought preclude the Court's recognition of Plaintiff's constitutional tort claim against the federal agency (or its named director) that employed him. One line of thought holds that a constitutional claim is non-

7

cognizable against a federal agency such as the USPS (or its named director) because there is no waiver of sovereign immunity for such claims. *Persons v. Runyon*, 1999 WL 104427, 172 F.3d 879 (10th Cir. 1999). The second line of thought holds that an employment-related constitutional tort such as Plaintiff's against a federal agency (or its named director) is not actionable in federal courts because such a wrong may be addressed in "the elaborate remedial system" afforded federal employees. *Bush v. Lucas*, 462 U.S. at 388-89. As such, the administrative and judicial remedies created by Congress for federal employees are exclusive and will not be augmented by the creation of new judicial remedies. *Id.*; *Pinar v. Dole*, 747 F.2d 899, 909 (4th Cir. 1984); *Hall v. Clinton*, 235 F.3d 202, 205 (4th Cir. 2000) (affirming district court's dismissal of former federal employee's Fifth Amendment *Bivens* claim against other White House employees even if existing remedies under the Civil Service Reform Act did not provide a remedy); *Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000) (dismissing Air Force employees' *Bivens* claims because they arose from a federal employment relationship, thus holding Civil Service Reform Act provided exclusive remedial framework even though it provided no remedy for specific wrong).

Here, there is no question that Plaintiff had substantial remedies available to him upon his termination from the USPS. He was afforded an appeal through the Merit Systems Protection Board ("MSPB"), although unfortunately he filed his appeal out of time. *Gibbs v. USPS*, 2006 WL 38736288 (MSPB Initial Decision, Nov. 15, 2006). Pursuant to both lines of case law discussed herein, the Court finds that Plaintiff's claim of violation of due process fails to state a cognizable claim against the head of the USPS and should be dismissed for failure to state a cause of action.

      ii. *Hybrid 301/Fair Representation Claim Under LMRA*

Defendant points out the possibility that Plaintiff's due process claim may be cognizable not as an independent constitutional tort, but instead as a hybrid claim within the federal employee remedial scheme. As previously discussed, the Court must construe a *pro se* plaintiff's complaint liberally, and as such, will consider the viability of Plaintiff's action under this potential theory of relief despite the fact that it was not formally raised. When an employee wishes to assert a claim against his employer for breach of a collective bargaining agreement and against his union for breach of fair representation, the requirements for exhaustion of arbitration and/or grievance remedies are waived because the employee is claiming his union and/or employer did not allow him to avail himself of the grievance and/or arbitration remedies. *Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967). Such an action, called a "hybrid 301/fair representation claim," is asserted both against the employer under § 301 of the Labor Management Relations Act ("LMRA") and also against the union. Generally, for a §301 claim, an employee must first exhaust any grievance and/or arbitration remedies provided for in the applicable collective bargaining agreement, but an exception exists for hybrid 301/fair representation claims where the employee claims he has been prevented from exhausting his remedies by his union's wrongful refusal to process his grievance. *See Lohf v. Runyon,* 999 F. Supp. 1430, 1436 (D. Kan. 1998) (discussing this exception and type of claim in detail in case involving former postal employee suing Postmaster General).

It appears to the Court that this hybrid 301/fair representation claim reaches the heart of Plaintiff's allegations of lack of due process in his termination. Indeed, he alleges wrongful termination due in part to his inability to pursue his Article 15 grievance procedure as articulated in his union's agreement with the USPS. Although Plaintiff identifies his claim as a deprivation

9

of due process (addressed above as non-actionable), the Court finds that his allegations fit more in the arena of a hybrid 301/fair representation claim.

Nevertheless, such a claim still must fail because a hybrid 301/fair representation claim is subject to a six-month statute of limitations. *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 169-72 (1983) (holding NLRA's six-month period for filing unfair labor practice charges is applicable to this type of claim). Plaintiff filed this action on March 17, 2009, and his termination was effective July 26, 2006. The statute of limitations ran on Plaintiff's claim against the USPS for breach of the National Agreement and against the union for breach of the duty of fair representation on or about January 26, 2007, over two years before he filed his present action. Therefore, the Court concludes that Plaintiff's hybrid 301/fair representation claim under the LMRA is time barred.

### B. Plaintiff's Motion for Discovery

Plaintiff's Motion for Discovery is moot based on the Court's dismissal of Plaintiff's claims.

## CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff has unequivocally abandoned his harassment and retaliation claims asserted in his Amended Complaint and those claims are moot. As to the sole claim that Plaintiff pursues, his due process claim, the Court finds a constitutional tort claim is not actionable and a hybrid 301/fair representation claim is time barred. Thus, Defendant's Motion to Dismiss [DE-32] is hereby **GRANTED**, and Plaintiff's action is **DISMISSED WITH PREJUDICE** in its entirety. Plaintiff's Motion for

Discovery [DE-43] is **DENIED AS MOOT**.

This the 27th day of September, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge